IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FATMIR AHMETI,                                   :
                                                 :
        Petitioner                               :   CIVIL NO. 4:CV-05-2408
                                                 :
     v.                                          :   (Judge Jones)
                                                 :
BUREAU OF IMMIGRATION AND                        :
CUSTOMS ENFORCEMENT, et al.,                     :
                                                 :
        Respondents                              :

## O R D E R

January 25 , 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Fatmir Ahmeti ("Petitioner" or "Ahmeti"), a detainee of the Bureau of

Immigration and Customs Enforcement ("ICE"), confined in the York County Prison, in

York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241("the Petition").  In the Petition, Ahmeti challenges his continued

detention by the Bureau of Immigration and Customs Enforcement ("ICE").  For the

reasons set forth below, the Petition will be dismissed.

**FACTUAL BACKGROUND**:

On October 5, 1990, Ahmeti, a native and citizen of Yugoslavia, entered the

United States as an immigrant.  (Rec. Doc. 9, Ex. A).  On June 13, 2003, Ahmeti was

convicted in the United States District Court for the Southern District of New York on

charges of Mail Fraud, Conspiracy to Commit Mail Fraud, and False Statements, in

violation of 18 U.S.C. §§ 1341, 371 and 1001, respectively.  (Rec. Doc. 9, Ex. B).

In a Notice of Intent to Issue a Final Administrative Removal Order dated March

3, 2004, Petitioner was charged with removability pursuant to §§ 237(a)(2)(A)(iii) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien

convicted of an aggravated felony as defined in § 101(a)(43) of the INA, 8  U.S.C. §

1101 (a)(43).  (Rec. Doc.  9, Exhibit A).

By Order dated November 5, 2004, an Immigration Judge issued a decision finding

that he had no jurisdiction to adjudicate Petitioner's applications for withholding of

removal and deferral of removal under the Convention Against Torture and that removal

proceedings should have been initiated against Petitioner under section 240 of the INA.

(Rec. Doc. 9, Ex. C).  Ahmeti filed an appeal of the decision of the Immigration Judge

to the Board of Immigration Appeals.  In a decision dated July 11, 2005, the BIA found

that the Immigration Judge lacked jurisdiction to decide whether removal proceedings

should have been brought under section 240 of the INA, and thus, remanded the action

back to the Immigration Judge.  (Rec. Doc. 9, Ex. C).  On August 29, 2005, after remand,

2

the Immigration Judge denied Ahmeti's application for withholding of removal and his claim under the Convention Against Torture, and ordered Petitioner removed to Siberia and Montenegro. (Rec. Doc. 9, Ex. D). Although Ahmeti reserved his right to appeal, he did not file an appeal. (Rec. Doc. 9, Ex. D). Thus, Petitioner's order of removal became final on September 28, 2005, the date on which his appeal was due to be filed. See 8 C.F.R. § 1241.1(c).

**DISCUSSION**:

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[1] At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

---

[1] Section 1231(a)(1)(B) provides:
The removal period begins to run on the latest of then following:
    (i)   The date the order of removal becomes administratively final.
    (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

In <u>Zadvydas v Davis</u>, 533 U.S. 678 (2001) the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." <u>Id.</u> at 689. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." <u>Id.</u> at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." <u>Id.</u> The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." <u>Id.</u> The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Id.</u> at 701.

Following the Supreme Court's decision in <u>Zadvydas</u>, regulations have been promulgated to meet the criteria established by the Supreme Court. <u>See</u> 8 C.F.R. § 241.4. Pursuant to the regulations, prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. <u>See</u> 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. <u>See</u> 8 C.F.R. § 241.4(k)(1)(ii).  Because the six month period established by the Supreme Court has not expired[2] and Ahmeti does not contend he has been denied a hearing pursuant to <u>Zadvydas</u>, Petitioner's challenge to his continued detention is prematurely before the Court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    The Petition (Doc. 1) is DISMISSED without prejudice as premature.

2.    The Clerk of Court is directed to CLOSE this case.

John E. Jones III
United States District Judge

_____

    [2]Ahmeti's six-month detention period began on September 28, 2005, the date his order of removal became administratively final.